**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONTEYOR INT'L, N.V., | ) | **CASE NO.  1:13 CV 2413** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| BRADFORD CO., | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Bradford Company's "Motion to Dismiss the Complaint

for Improper Venue or Alternatively to Transfer the Case (to the Western District of Michigan)."

(**Doc #: 10** ("Motion")).  For the following reasons the Motion is **DENIED**.

**I.**

On October 30, 2013, Plaintiff Conteyor International, N.V. ("Conteyor") filed the

instant Complaint on Application to Confirm Arbitration Award under 9 U.S.C. § 9.  (Doc #: 1

"Comp.")  The Complaint alleges the following facts.

Conteyor is a Belgian entity and Defendant Bradford Company ("Bradford") is a

Michigan corporation with its principal place of business in Holland, Michigan.  (Comp. ¶¶ 1-2.)

On or about February 1999, Conteyor and Bradford entered into a License Agreement which

provided, among other things, that the parties would settle any dispute arising out of the

Agreement by arbitration in accord with the rules of the American Arbitration Association

("AAA"). (Id. ¶ 5.) The Agreement provided, in pertinent part:

### XI. GOVERNING LAW AND JURISDICTION

11.1    This Agreement and any other additional or related agreement between the Parties shall in all respects be solely and exclusively governed by and construed in accordance with the laws of the State of Michigan, U.S.C.;

11.2    Any and all disputes or claims arising out of or in connection with this Agreement or the breach thereof, shall be referred to a mediator mutually selected by the Parties, or if the Parties cannot agree upon a mediator, by a mediation administered by the American Arbitration Association under its Commercial Mediation Rules before resorting to arbitration;

     Any and all disputes or claims arising out or in connection with this Agreement or breach thereof that is not settled by mediation, shall be settled by a single arbitrator sitting in Cincinnati, Ohio in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

(Comp. ¶ 5; Doc #: 7-1, at 11-12.)

After mediation attempts failed, Conteyor served an arbitration demand on Bradford and the AAA for monetary damages due to Bradford's alleged violation of the Agreement. (Id. ¶ 6.) Bradford timely filed a counterclaim against Conteyor. (Id. ¶ 7.)

By agreement of the parties, the arbitration was not conducted by a single arbiter sitting in Cincinnati; rather, it was conducted by a mutually selected arbiter having an office in Cleveland, Ohio (D. Peter Hochberg, Esq.) which, as Conteyor correctly points out, is located in this judicial district. (Id. ¶ 8.) Arbiter Hochberg conducted hearings in both Cleveland, Ohio and Holland, Michigan. (Id. ¶ 13.)

On April 30, 2013, Arbiter Hochberg issued a 94-page decision denying each of Bradford's claims. (Comp. ¶ 17; Doc #: 7-2.) He also concluded that this particular arbitration proceeding constituted the "exceptional case" where Bradford deliberately extended the

proceeding by several years "with apparently the only goal of increasing the disruption to the

business operations of Conteyor and to significantly increase Conteyor's legal expenses in this

Arbitration proceeding."[1]  (Doc #: 7-2 at 90.)  Accordingly, he ordered Bradford to pay 75% of

Conteyor's legal fees and costs, to the tune of $1,213,147.64.  (Id. at 91; Doc #: 7-3 at 23.)

On October 30, 2013, Conteyor filed the instant action seeking confirmation of the

arbitration award.  (Doc #: 1.)  This case is before the Court on Bradford's fully briefed Motion

to Dismiss the Complaint for Improper Venue or Alternatively to Transfer the Case (to the

United States District Court for the Western District of Michigan).  (Doc #: 10.)

## II.

## A.

Bradford contends that venue in this district is improper.  "[A] Rule 12(b)(3) motion to

dismiss for improper venue is simply the procedural vehicle by which to challenge improper

venue; the rules of Civil Procedure do not contain any venue provisions or requirements.  The

requirements for venue are set by statute, as are the remedies available for improper and

inconvenient venue."  *Contech Bridge Solutions, Inc. v. Keaffaber*, No. 1:11-cv-216, 2011 WL

5037210, at *5 (S.D. Ohio Oct. 24, 2011) (quoting *Kerobo v. Southwestern Clean Fuels, Corp*.,

285 F.3d 531, 538 (6th Cir. 2002)).  Once challenged, the plaintiff bears the burden of

establishing that its chosen venue is proper.  *Ring v. Roto-Rooter Servs. Co*., No. 1:10-cv-179,

2010 WL 3825390, at *3 (S.D. Ohio Sep. 28, 2010), in turn citing *Centerville ALF, Inc. v.

Balanced Care Corp*., 197 F.Supp.2d 1039, 1046 (S.D. Ohio 2002)).  If, after construing the

---

[1]Specifically, Hochberg found that Bradford's conduct in demanding numerous
unnecessary hearings, seeking immaterial discovery, and filing multiple weakly grounded motions
for reconsideration (in one instance, three reconsideration motions over the same topic) justified the
award to Conteyor.  (See Doc #: 7-2 at 86-94.)

pleadings and affidavits in the light most favorable to the plaintiff, the court concludes that the

plaintiff has presented a *prima facie* case that venue is proper, the defendant's motion to dismiss

the case must be denied.  *Id.* (citing *Zimmer Enters., Inc. v. Atlandia Imports., Inc.*, 478

F.Supp.2d 983, 986 (S.D. Ohio 2007)).

The venue statute for confirming arbitration awards is 9 U.S.C. § 9.  This statute

provides:

> If the parties in their agreement have agreed that a judgment of the court shall be
> entered upon the award made pursuant to the arbitration, *and shall specify the*
> *court*, then at any time within one year after the award is made any party to the
> arbitration may apply to the court so specified for an order confirming the award,
> and thereupon the court must grant such an order unless the award is vacated,
> modified, or corrected as prescribed in sections 10 and 11 of this title.  *If no court*
> *is specified in the agreement of the parties, then such application may be made to*
> *the United States court in and for the district within which such award was made*.
> . . ."

9 U.S.C. § 9 (emphasis added).  The parties did not specify, in the License Agreement, the

district in which to confirm the arbitration award.  The Supreme Court has held that the venue

provisions of the FAA are permissive and allow a motion to confirm to be brought "either where

the award was made or in any district proper under the general venue statute."  *Cortez Byrd*

*Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193 (2000) (syllabus).  In other words, the

Supreme Court ensured that the FAA venue statutes would be construed liberally rather than

restricting venue to only one judicial district.  *Id.*, 529 U.S. at 195.  Since the parties agreed to

select an arbiter from Cleveland, Ohio, since proceedings were held in Cleveland, Ohio, and

since the judicial district in which the decision was made was Arbiter Hochberg's office on East

6th Street in Cleveland, Ohio, (See Doc #: 7-2 at 94), the Court concludes that venue here, in the

Northern District of Ohio, is entirely proper.

Amazingly, Bradford argues that the proper venue for confirming the arbitration award is the district court in Atlanta, Georgia – the regional AAA office from which Arbiter Hochberg's decision was *emailed* to the parties.  (See Motion at 3; Reply at 1.)  Bradford fails to cite a single case to support this novel position.  Indeed, when the *Cortez* court discussed where the arbitration award "was made," it referred to where the "arbitration was conducted," *id.*, 529 U.S. at 194, 195-96, 200, and "the location of the arbitration," *id*. at 201.  More importantly, the defendant in *Cortez* invoked the arbitration provision by filing the request for arbitration in the regional AAA office in Atlanta, Georgia – yet *neither party* argued that venue was proper in the Atlanta district court.  *Id*. at 195-96.

Bradford argues that the only other proper venue for bringing this case is the district in which Bradford resides (i.e., Holland, Michigan) because more proceeding days were conducted in Holland, Michigan than in Cleveland, Ohio.  While Bradford is correct that Conteyor could have properly filed this case in the Western District of Michigan under the general venue statute, 28 U.S.C. § 1391(b)(1) (i.e., where the defendant resides), it has failed to cite a single case to support the position that Conteyor was *confined* to filing this case in that district because more proceeding days were conducted there.  Such a restrictive construction of the FAA venue statute ignores the point of *Cortez* – which was to <u>expand</u> the venues wherein these types of cases could properly be brought.  *Id*., 529 U.S. at 199.

Finally, Bradford argues that the proper venue for confirming the award is Holland, Michigan, because Conteyor filed suit against it in the Western District of Michigan.  The lawsuit that Conteyor filed in Holland, Michigan – which suit preceded the arbitration – was against Bradford *and another company that was not a party to the License Agreement*.  Within

one week after Conteyor dismissed the other party, it initiated the arbitration proceeding conducted by a Cleveland lawyer in both Cleveland, Ohio and Holland, Michigan.

Because Conteyor has presented a *prima facie* case that venue is proper in the Northern District of Ohio, the Court denies Bradford's motion to dismiss this case due to improper venue. *Ring*, 2010 WL 3825390, at *3; *Zimmer Enters.,* 478 F.Supp.2d at 986.

**B.**

Alternatively, Bradford asks the Court to transfer this action to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Id.  The Court's analysis involves weighing relevant factors and deciding whether, on balance, a transfer would serve the convenience of the parties and witnesses, and otherwise promote the interest of justice.  *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 134 S.Ct. 568, 581 (2013).

Factors relating to the parties' private interests include the relative ease of access to sources of proof; the availability of compulsory process for the attendance of unwilling witnesses;  the cost of obtaining the attendance of willing witnesses; the possibility to view the premises if viewing it would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.[2]  *Id*. (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).  Public-interest factors include the difficulties flowing from court

---

[2]As will be shown *infra*, at 10-11, all but one of these factors assumes that we are talking about a typical civil lawsuit with expectation of going to trial – not the confirmation of an arbitration award which is a summary proceeding.

-6-

congestion; the forum's familiarity with the governing law; and the plaintiff's choice of forum. *Id*. (citing *Piper Aircraft,* 454 U.S. at 241 n.6 and *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).  *See also Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F.Supp.2d 623, 632-33 (W.D. Mich. 2009).

District courts have broad discretion to determine when party convenience and the interest of justice make a transfer appropriate.  *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).  The district court's decision will be reversed only when it clearly abuses its discretion in balancing these considerations.  *Id*. (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).  The movant has the burden of demonstrating, by a preponderance of the evidence, that a transfer is appropriate.  *Choon's Design, LLC v. Larose Indus., LLC*, 2013 WL 5913691, at *2 (E.D. Mich. Nov. 1, 2013) (citations omitted).  "Merely shifting the inconvenience from one party to another does not meet the defendant's burden."  *Id*. (inner quotation marks omitted) (citing *McGadgon v. Fresh Mkt., Inc*., 05-2151, 2005 WL 3879037, at *2 (W.D. Tenn. Oct. 21, 2005)).  If the court determines that the balance between the plaintiff's choice of forum and the defendant's desired forum is fairly even, the plaintiff's choice of forum should prevail.  *Id*. (citing *Stewart v. Am. Eagle Airlines, Inc.*, 10-00494, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010)).

Bradford first argues that by filing its civil complaint preceding the arbitration in the Western District of Michigan, Conteyor "implicitly consented to venue in that district for purposes of confirming the Arbitration Award.  The case law from the Western District of Michigan is quite clear in that regard."  (Motion at 4.)  The only case cited by Bradford for this sweeping proposition is *Allen Group, Inc. v. Allen Deutschland GMBH*, 877 F.Supp.395, 399

(W.D. Mich. 1994).  The only thing that the district court in *Allen* decided was whether a court that ordered arbitration pursuant to a consent judgment could retain the jurisdiction to confirm the arbitration award, even though it had not expressly retained such jurisdiction in the consent judgment.  No one disputes jurisdiction in the Northern District of Ohio or whether this case could be properly venued in the Western District of Michigan.  The *only* question is whether the Court should transfer the instant case, which is properly venued in this judicial district, to the Western District of Michigan for the convenience of the parties and in the interest of justice.[3]

That said, Bradford has identified the following factors that it contends favor transfer. The Western District of Michigan is more convenient to Bradford because that is where Bradford is headquartered and its lawyers practice.  Conteyor's lawyers are also based in Michigan.  Since Conteyor is a Belgian company, it has no connection to the Northern District of Ohio.  Should there be a need for Bradford witnesses to appear, those witnesses reside within the Western District of Michigan.  The terms of the License Agreement are governed by Michigan law. Bradford concedes, however, that "to accommodate all concerned," several days of arbitration hearings were conducted in Cleveland because foreign witnesses were able to fly to Cleveland easier than going to either Holland, Michigan or Cincinnati, Ohio, and counsel for each party could travel to Cleveland easier than traveling to Holland, Michigan.  (Motion at 5.)

Conteyor counters that its choice of forum is consistent with the choice of forum provision in the License Agreement, the FAA venue-conferring statute, the parties' contractual agreement that the arbitration proceedings should not be conducted in Bradford's backyard,

---

[3]This argument also ignores the FAA statute conferring venue in the judicial district in which the arbitration decision "was made."  9 U.S.C. § 9.

-8-

Bradford's selection of a Cleveland arbiter, the parties' attendance at hearings in Cleveland, the fact that Cleveland is a more convenient forum to Conteyor than the district court in Grand Rapids, Michigan, and that the parties previously agreed that Cleveland was convenient to all concerned.  Conteyor also notes that the involvement of witnesses and the collection of documents not already made of record are not contemplated by this action as it is a summary proceeding.

The Court understands that the Western District of Michigan is more convenient to Bradford because that is where it is headquartered.  But Conteyor asserts that the present district is more convenient to Conteyor since it is easier for it to attend proceedings in Cleveland, Ohio than Grand Rapids, Michigan.  So this factor is evenly balanced.  The fact that Bradford's lawyers and one of Conteyor's lawyers are located in the Western District of Michigan (the other lawyer is located in Cleveland) is entitled to little or no weight.  *Cincinnati Ins.*, 676 F.Supp.2d at 633 (little weight); *Floyd's 99 Holding, LLC v. Judes Barbershop, Inc.*,  No. 12-cv-14696, 2013 WL 4607370, at *3 (E.D. Mich. Aug. 29, 2013) (no weight).  The Court also gives little weight to Bradford's contention that Conteyor has no connection to the Northern District of Ohio because Conteyor agreed to hold arbitration proceedings in Cleveland, Ohio, it traveled to Cleveland for those proceedings, and the parties previously agreed that Cleveland was more convenient to everyone than Holland, Michigan or Cincinnati, Ohio.  Furthermore, it is undisputed that the reason Conteyor agreed to hold some of the arbitration proceedings in Holland, Michigan was *as a courtesy to Bradford* – which made the request to alleviate the burden of bringing certain large exhibits to the arbitration proceedings there, but never introduced them.  (See Opp. Br. at 6 n.2.)  The fact that Michigan law governs the terms and

-9-

conditions of the License Agreement is entitled to little weight as well since "federal courts are deemed capable of applying the substantive law of other states" when it comes to factor-balancing under § 1404(a). *William M. Yarbrough Found. v. Garcoa Labs., Inc.*, No. 1:11-cv-907, 2013 WL 4068176, at *7 (W.D. Mich. Aug. 12, 2013) (citing *Tole v. Glenn Miller Prods., Inc.*, No. 12 Civ. 6660(NRB), 2013 WL 4006134, at *5 (S.D.N.Y.)).

The central purpose of the *forum non conveniens* doctrine, from which § 1404(a) derives, is to ensure that a civil trial will be convenient. *Atlantic Marine*, 134 S.Ct. at 581; *Cincinnati Ins.*, 676 F.Supp.2d at 632. A proceeding to confirm an arbitration award, however, is another matter. It has been described by numerous courts within the Sixth Circuit as a "summary proceeding."[4] A district court's review of the arbitrator's decision is "one of the narrowest standards of judicial review in all of American jurisprudence." *Stonebridge Equity v. China Auto. Sys., Inc.*, 520 Fed.Appx. 331, 336 (6th Cir. 2013) (quoting *Lattimer-Stevens Co. v. United Steelworkers, Dist. 27, Sub-Dist. 5*, 913 F.2d 1166, 1169 (6th Cir. 1990)). "It does not extend to reviewing arguments over contract interpretation that the arbitrators have decided. So long as the arbitrators' conclusions do not 'fly in the face of clearly established legal precedent,' they stand." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995)). The review is "'strikingly deferential,' and courts review 'only to determine whether the Arbitrator was arguably construing or applying the contract and acting within the scope of his authority.'" *Braganza Assoc.*, 2011 WL 4565466, at *1 (quoting *Bixby Med.Ctr.,*

---

[4]*See, e.g., Sheet Metal Employers Indus. Promotion Fund v. Absolute Balancing Co., Inc.*, No. 12-10752, 2013 WL 362893, at *2 (E.D. Mich. Jan. 30, 2013); *Braganza Assoc., P.C. v. Houck*, No. 10-00049, 2011 WL 4565466, at *1 (W.D. Tenn. Sep. 29, 2011); *Nationwide Mut. Ins. Co v. Randall & Quilter Reinsurance Co.*, No. C2-07-120, 2008 WL 207854, at *3 (S.D. Ohio Jan. 24, 2008).

*Inc. v. Mich. Nurses Ass'n*, 142 Fed.Appx. 843, 845 (6ᵗʰ Cir. 2005)).  "So long as the Arbitrator does not 'commit fraud, have a conflict of interest, or otherwise act dishonestly' a court must uphold the arbitration award."  *Id*. (quoting *Mich. Family Res., Inc. v. SEIU Local 517M*, 475 F.3d 746, 753 (6ᵗʰ Cir. 2007)).  *See also Wachovia Securities, Inc. v. Gangale*, 125 Fed.Appx. 671, 676-77 (6ᵗʰ Cir. 2005) ("The parties have contracted for a decision by arbitrators, not the Court.").  In sum, because this is a summary proceeding, all of the private-interest factors relating to the convenience of a trial do not apply.

Finally, a plaintiff's choice of forum is generally entitled to substantial weight.  *Piper Aircraft,* 454 U.S. at 255-56.  However, when the chosen forum is not the plaintiff's residence, as here, the choice is given less deference.  *Id.*  This is not to say, as Bradford repeatedly contends, that the foreign plaintiff's choice of forum warrants no deference at all.  *See Iragorri v. United Techs. Corp*, 274 F.3d 65, 71 (2d Cir. 2001) (en banc) ("[t]he degree of deference to be given to a plaintiff's choice of forum moves on a sliding scale depending on several relevant considerations.")  The more it appears that a foreign plaintiff's choice of forum has been dictated by reasons that the law will recognize as valid, the greater the deference that will be given to the plaintiff's forum choice.  *Id*. at 71-72.  On the other hand, if it appears the foreign plaintiff is motivated by invalid reasons such as forum-shopping, its choice of forum deserves less deference.  *Id.* at 72.  There is no allegation, let alone suggestion, that Conteyor has chosen this venue to confirm its arbitration award for any invalid purpose.

On balance, the Court concludes that the factors here are pretty evenly weighted. Although Bradford intends to file a motion to vacate the arbitration award, it is nonetheless a fact that the Court's review of the arbitration decision is a summary proceeding.  Thus, all the venue-

transferring factors concerned with conducting discovery and a civil trial become markedly less relevant.  And while the Western District of Michigan may be more convenient to Bradford, it is less convenient to Conteyor.  As previously noted, merely shifting the inconvenience from Conteyor to Bradford is insufficient to carry Bradford's burden.  *Choon's Design,*, 2013 WL 5913691, at *2 ; *McGadgon*, 2005 WL 3879037, at *2.  Because the arbitration proceeding occurred here by agreement of the parties, the arbitration award was made here, venue is proper here, confirmation of the arbitration award is a summary proceeding, the Court is capable of analyzing Michigan law, and this district is a more convenient forum for Conteyor which filed the instant case, the Court concludes that Bradford has failed to carry its burden of showing that transfer is appropriate under § 1404(a).

### III.

For all these reasons, Defendant Bradford Company's Motion to Dismiss the Complaint for Improper Venue or Alternatively to Transfer the Case (**Doc #: 10**) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    January 13, 2014*
**Dan Aaron Polster**
**United States District Judge**

-12-